UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ABDUL MUIZZ FARISH,<br><br>                Petitioner,<br><br>v.<br><br>DHS, et al.<br><br>                Respondents. | Case No.:   20cv1716-LAB (MSB)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |
|---|---|

      Petitioner Abdul Muizz Farish, a Fijian national in federal custody and subject to a final order of removal, filed his petition under 28 U.S.C. § 2241. Farish alleges that his order of removal became final on January 13, 2020, but that the government has not yet removed him to Fiji because of COVID-19 related restrictions on overseas flights. Farish argues that his continued detention is illegal under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because six months has elapsed since his order of removal became final and yet he is being kept in custody with no immediate prospect of either removal or conditional release.

      Although Farish paid the mandatory filing fee, he also filed a motion to proceed *in forma pauperis*. That motion is **DENIED AS MOOT**.

Exhibits attached to the petition show that Farish, a lawful permanent resident, was convicted of vehicular theft, evading a peace officer, and robbery. After he served his sentence, he was ordered removed and declined to appeal the order of removal. Under 8 U.S.C. § 1231, an alien who has been ordered removed can be detained pending removal. In *Zadvydas*, the Supreme Court read a Constitutional limitation into § 1231(a)(6), such that an alien's post-removal detention period was limited "to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689.  Indefinite detention "would raise a serious constitutional problem" and is not authorized. *Id*. at 689–90, 699. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.*

The Court set a 6-month period during which detention was presumptively reasonable. After the expiration of this 6-month period, if the alien can provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the onus is on the government to rebut that showing. *Id.* at 701. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months." *Id.* Rather, an alien may be held in confinement "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* This does not require a showing that removal is impossible or will never occur. *Id.* at 702. On the other hand, merely showing delays arranging for removal does not meet the standard. *See Nasr v. Larocca*, 2016 WL 3710200, at *4 (C.D. Cal., June 1, 2016).

Farish has been detained several months longer than the 6-month period that is presumptively reasonable. However, documents attached to the petition, which Farish accepts as true, show that the delay is temporary. COVID-19 related travel restrictions are preventing the government from arranging to put Farish on a flight to Fiji, and that the government stands ready to remove him as soon as travel is permitted. He has not pointed to any facts suggesting that these

restrictions are anything other then temporary. Although it is unknown when COVID-19 restrictions will end, this uncertainty does not transform a temporary detention into an impermissible indefinite one. *See Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008) (holding that the fact that detention did not have a "certain end date" did not render it impermissibly indefinite). *See also Prieto-Romero v. Clark*, 534 F.3d 1053, 1064–65 (9th Cir. 2008) (rejecting argument that removal was no longer reasonably foreseeable whenever there was "some degree of uncertainty as to when his detention will conclude").

Under *Zadvydas*, once the 6-month period has passed, if the alien shows good reason to believe there is no significant likelihood he will be removed in the reasonably foreseeable future, the government must either rebut that showing or release him. 533 U.S. at 701. Here, Farish has not made the required showing, so his petition will be dismissed. If he believes he can allege additional facts to make the required showing, however, he may file an amended petition.

The petition is **DISMISSED WITHOUT PREJUDICE**. No later than **October 30, 2020**, Farish may file an amended petition correcting the defects this order has pointed out. If he does not do this within the time permitted, this action will be dismissed.

**IT IS SO ORDERED**.

Dated: October 8, 2020

Honorable Larry Alan Burns
Chief United States District Judge